U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 1 4 2005

ROBERT H. SHEMWELL, CLERK
BY _____ /s/ _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ABOUBAKAR DOUMBIA, | CIVIL ACTION |
| Petitioner | NO. CV04-2616-M |
| VERSUS | |
| JOHN ASHCROFT, et al., | JUDGE ROBERT G. JAMES |
| Respondent | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Aboubakar Doumbia, a native and citizen of the Republique de Cote-d'Ivoire. Doumbia entered the United States in 1996 as a non-immigrant laborer for business reasons, was convicted of a felony in 2001, and was ordered removed to France, with the Republique de Cote-d'Ivoire designated as an alternate country, in 1996. Doumbia contends he has been detained by the United States Immigration and Customs Enforcement ("USICE"), pending removal, since April 29, 2002, and that he was ordered removed on July 23, 2003. Doumbia further contends that, although he has cooperated fully with USICE in their attempts to effectuate his removal and has applied for travel documents to the Republique de Cote-d'Ivoire, France, Kenya, and Germany, there is no significant likelihood of removal in the

reasonably foreseeable future. For relief, Doumbia asks for release pending removal, relying on <u>Zadvydas v. Davis</u>, 533 U.S. 678, 121 S.Ct. 2491 (2001).

Respondents filed a motion to dismiss the petition as moot, showing through documentary evidence that Doumbia was released from detention pending removal on June 22, 2005 (Doc. Item 14, Exs.). Since Doumbia' request for release pending removal has been granted, Doumbia's habeas petition should be dismissed as moot.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Respondents' motion to dismiss be GRANTED and that Doumbia's petition for writ of habeas corpus be DISMISSED WITH PREJUDICE AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

2

WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 13th day of July, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE